JOHN W. YOUNG vs. LAURE B. LUSSIER, *Registrar of Motor Vehicles.*

JANUARY 13, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an appeal under the provisions of general laws 1956, §31-11-25, from an order of the registrar of motor vehicles canceling a duplicate operator's license certificate issued to the appellant. The matter was heard by a justice of the superior court who entered a decree denying and dismissing the appeal. The cause is before this court on the appellant's appeal from that decree.

It appears that sometime prior to June 13, 1958 a police officer of the city of Warwick seized the original motor vehicle operator's license certificate of appellant on the ground that the certificate had been unlawfully altered. A criminal complaint was thereupon instituted charging him with violation of G. L. 1956, §31-11-1, for having in his possession a fraudulently altered operator's license. The license certificate was held by the police as evidence to be used in the criminal proceeding.

On June 13, 1958 appellant applied for a duplicate operator's license certificate and on that date on the form provided by the registry of motor vehicles stated by way of sworn affidavit: "I, the undersigned, hereby apply to the Registry of Motor Vehicles for a duplicate of my Operator's License No. 5611360 and declare that the original Operator's License issued to me has been lost, destroyed or stolen. (state which) Lost." This application was signed by appellant and sworn to before a notary public. Thereupon a duplicate license certificate was issued.

Thereafter appellant was ordered to appear before the hearing division of the registry of motor vehicles on November 6, 1958 to show cause why the duplicate license should not be canceled. He was afforded a hearing and on November 13, 1958 the duplicate license certificate was canceled for having been improperly obtained. The ground of the registrar's cancellation was that appellant had made

a false statement in his affidavit of application, to wit, that his license was "Lost."

Under G. L. 1956, §31-11-1 (e), it is a misdemeanor for any person "to knowingly make a false statement or to knowingly conceal a material fact or otherwise commit a fraud in any such application." Under §31-11-10 the registry is authorized to cancel the license upon determining that the licensee failed to give the required or correct information in his application or committed any fraud in making such application. The appellant thereupon appealed the action of the registry to the superior court.

The authority of the registry to issue duplicate license certificates is set out in G. L. 1956, §31-10-29, where it is provided that in the event an operator's license, obviously referring to the certificate of license, "is lost or destroyed, the person to whom the same was issued may * * * obtain a duplicate * * *." Apparently acting under this authority, the registry has prepared an application form for use in such situations and requires it to be executed under oath. The word "lost" used in this form is limited to the meaning thereof within the contemplation of the legislature when the above section was enacted.

It is our opinion that the legislature used the words "lost or destroyed" in a restricted sense, that is, that the licensee had been deprived of the possession of the certificate by reason of inadvertence or accident. This is the ordinary and natural meaning of the words used in the context in which they appear. It could not reasonably be argued that the legislature used the word "lost" in that section as inclusive of a deprivation of possession of the certificate by reason of a forfeiture such as a revocation or suspension thereof by the registry. Neither can it reasonably be argued that the legislature used the word "lost" as inclusive of a situation wherein the licensee has been deprived of possession of the certificate of license by reason of its being impounded by an authorized person for the purpose of using

it as evidence in the investigation or prosecution of an unlawful or criminal act on the part of the licensee.

In enacting §31-10-29, the legislature intended to provide for the issuance of duplicate license certificates in those cases where the licensee was deprived of possession of the certificate in circumstances in which he was free from culpability. It is clear that the licensee in the instant case was culpable in the circumstances and equally clear is the falsity of his statement in his sworn application for the issuance of the duplicate that the certificate issued to him was "Lost." For that reason it is our opinion that the cancellation of the duplicate certificate by the registry was a proper exercise of the authority under the provisions of §31-11-10.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for appellant.

*J. Joseph Nugent,* Attorney General, *Archie Smith,* Assistant Attorney General, for State.